**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL DAVILA,** | : | |
| **Plaintiff** | : | **3:13-CV-574** |
| **v.** | : | |
| **COUNTY OF LACKAWANNA, et al.** | : | **(Mannion, D.J.)** |
| | | **(Schwab, M.J.)** |
| **Defendants** | : | |

## MEMORANDUM

Before the court are plaintiff's objections, (Doc. No. 6), to the report and recommendation of Judge Susan Schwab, (Doc. No. 5), recommending the dismissal of plaintiff's Eighth Amendment, Fourteenth Amendment, and Americans with Disabilities Act (ADA) claims. Plaintiff timely filed objections to the report and recommendation, arguing that he stated "numerous claims which merit relief." (Doc. No. 6, at 3.) After a *de novo* review of those portions of the report to which plaintiff objects, the report and recommendation of Judge Schwab, (Doc. No. 5), will be **ADOPTED IN FULL** and plaintiff's complaint, (Doc. No. 1), will be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

During his incarceration at Lackawanna County Prison, plaintiff claims he was denied mental health care, counseling, and therapy. (Doc. No. 1, at 3.) He also claims that he did not received adequate treatment for an ear infection, as a result of which his eardrum ruptured and he developed

permanent hearing loss, tinnitus,[1] and vertigo. (Doc. No. 1, at 2.) Plaintiff claims he "was never seen or evaluated by a Board Certified Doctor of Medicine employed by Correctional Care, Inc. while incarcerated at the Lackawanna County Prison." (Doc. No. 1, at 2.) Moreover, plaintiff alleges that he was placed into a "filthy camera cell naked,"  which was contaminated with "blood, feces, urine, human hair, and other biohazardous materials" for nine days. (Doc. No. 1, at 3.) This left plaintiff "in immediate danger of contracting an illness or allergy." (Doc. No. 1, at 3.) He had "no clothes, toothbrush, toothpaste, toilet paper, soap, spoon, etc." and developed swollen and bleeding gums, gastrointestinal problems, constipation, internal hemorrhoids, and severe rectal bleeding.  (Doc. No. 1, at 3.)

Plaintiff claims these harsh conditions constitute cruel and unusual punishment under the Eighth Amendment and violate his Fourteenth Amendment right to equal protection and due process of law. (Doc. No. 1, at 3-4.) He further claims that Lackawanna County violated the ADA by denying him "medical care and mental health treatment" while he was in the custody of Lackawanna County Prison. (Doc. No. 1, at 4.)

## STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue,

---

[1]Tinnitus is "[a] subjective ringing or tinkling sound in the ear." Taber's Cyclopedic Medical Dictionary, 2000 (17th ed. 1993).

[649 F.3d 193, 195 (3d Cir. 2011)](). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. [Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000)]() (citing [United States v. Raddatz, 447 U.S. 667, 676 (1980)]()).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." [Fed. R. Civ. P. 72(b)](), advisory committee notes; see also [Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010)]() (citing [Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)]() (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. [28 U.S.C. §636(b)(1)](); Local Rule 72.31.

## DISCUSSION

### A.) Plaintiff's §1983 Claims

Plaintiff makes claims under the Eighth and Fourteenth Amendments against both Lackawanna County and Correctional Care, Inc., a "private incorporation [sic] in contractual agreement with County of Lackawanna to provide all health care services at the Lackawanna County Prison." (Doc. No. [1]().) Judge Schwab recommended the dismissal of plaintiff's §1983 claims

against the prison on the ground that the complaint failed to allege that the purportedly unconstitutional conduct amounted to "municipal policy or custom." (Doc. No. 5, at 10); Mulholland v. Gov't County of Berks, 706 F.3d 227, 237 (3d Cir. 2013); Monell v. Department of Social Servs. 436 U.S. 658 (1978) (rejecting vicarious liability on part of municipal governments). Furthermore, she points out that plaintiff also failed to allege a policy or custom on the part of Correctional Care, Inc. (Doc. No. 5, at 10); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003) (applying Monell to private company that provided healthcare services to prison); Stankowski v. Farley, 487 F.Supp.2d 543, 554 (3d Cir. 2007) (finding private company to be agent of state and, therefore, not subject to liability under theory of respondeat superior).

In his objections to the report and recommendation, plaintiff does not address the issue of policy or custom. (Doc. No. 6.) Instead, he merely states, "[p]laintiff is firm that the following claims are claims which merit relief as stated within Plaintiff's Complaint." (Doc. No. 6, at 3.) Despite his strong conviction, plaintiff has failed to allege any facts in either his complaint or his objections from which the court could infer defendants' conduct amounted to policy or custom. Plaintiff also claims that the ADA violations committed by defendants are proof of his constitutional violations, but plaintiff provides no support for this argument. (Doc. No. 6, at 4, 5.) Therefore, plaintiff has failed to state a §1983 claim for which relief may be granted. See 28 U.S.C. §1915(e)(2) (providing for dismissal of *in forma pauperis* complaint if it "fails to state a claim upon which relief can be granted"). As such, plaintiff's §1983

claim will be **DISMISSED WITHOUT PREJUDICE**.

**B.) Plaintiff's ADA Claim**

In her report, Judge Schwab cites two reasons why plaintiff has failed to state an ADA claim for which relief can be granted. (Doc. No. 5.) First, plaintiff has failed to provide any factual allegations about his disability, instead merely stating that he is "disabled." (Doc. No. 5, at 12-13.) This, according to the report, is a legal conclusion to which the court need give no assumption of truth. (Doc. No. 5, at 13.) Second, Judge Schwab explains that the ADA does not provide relief for a denial of medical treatment even if the reason for the denial is discrimination because of a disability normally recognized by the ADA. (Doc. No. 5, at 13.)

Plaintiff first challenges Judge Schwab's contention that he has not provided any factual allegations about his disability. (Doc. No. 6, at 1-3.) In particular, he claims that he submitted a social security "benefit verification letter," (Doc. No. 6, at 1), with his Motion for Leave to Proceed in Forum Pauperis. (Doc. No. 4, at 4.) According to plaintiff, this letter proves that he has a disability under the ADA because it shows he has a disability under the Social Security Act. (Doc. No. 6, at 2.)

Plaintiff's argument assumes that the definition of disability is the same under the Social Security Act as it is under the Americans with Disabilities Act. A disability for purposes of SSI benefits is defined as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

5

expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work . . . or any other substantial gainful work that exists in the national economy. 42 U.S.C. §404.1505(a).

In contrast, the ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1).

A comparison of the two statutes shows that they define the term disability quite differently. Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 801 (1999) ("The Social Security Act and the ADA both help individuals with disabilities, but in different ways."); Toscano v. Warren County Dept. of Human Services, 323 Fed.Appx. 120, 122 (2009) (a disability under the ADA is not the same as under the social security provisions). In *Toscano*, the plaintiff applied for a job, was asked several questions about his disability in an interview, and was ultimately rejected for the position. Toscano, 323 Fed.Appx. at 121. Toscana filed an ADA claim, but the court granted the defendant summary judgment because Toscano failed to establish a prima facie case of disability. Id. at 121-22. On appeal, he argued that he provided evidence of social security benefits, which was sufficient to show that he had a disability recognized by the ADA. Id. The Third Circuit disagreed, stating:

> Although Toscano relies on his receipt of Social Security Disability Insurance (SSDI) benefits as a record of his disability, the definition of disabled for SSDI eligibility purposes and the definition under the ADA are not identical, and eligibility for SSDI does not necessarily mean that the same person is disabled under the ADA. Id.

In other words, just because a person is disabled under the Social Security Act does not mean the person is also disabled under the ADA. Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 801 (1999) ("The Social Security Act and the ADA both help individuals with disabilities, but in different ways.")

In the present case, plaintiff attempts to show a disability in the same way Toscano did. (Doc. No. 5, at 1.) In response to Judge Schwab's recommendation, he directs the court's attention to his motion for leave to proceed *in forma pauperis*. (Doc. No. 6, at 1.) Attached to the motion is letter from the Social Security Administration disclosing his SSI benefits for 2012. As stated above, however, evidence of a disability under the Social Security Act is insufficient to make a showing of disability for purposes of the ADA. While a disability under the Social Security Act may also qualify as a disability under the ADA, the federal rules require a complaint to lay out a plausible claim, not a possible one. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). The benefit verification letter does not provide sufficient factual evidence from which the court can infer a plausible claim to relief under the ADA.

Furthermore, the court agrees with Judge Schwab that the ADA does not cover so-called "denial of treatment" cases. Iseley v. Beard, 200 Fed.Appx. 137, 142 (3d Cir. 2006) ("[H]e claims that he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions.") In *Iseley* the plaintiff claimed he was denied medical treatment because of his disability while in prison. Id. The court noted that plaintiff was not excluded

from a "program on the basis of a disability"; rather "he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions." Id.

Plaintiff attempts to sidestep *Iseley* by relying on an obscure provision governing the right to refuse accommodations under the ADA. 28 C.F.R. §35.130(e)(2). This regulation provides, "[n]othing in the Act or this part authorizes the representative or guardian of an individual with a disability to decline food, water, medical treatment, or medical services for that individual." 28 C.F.R. §130(e)(2). At first glance, this would appear to support plaintiff's contention that the Lackawanna County Prison violated the ADA by refusing medical care. Nevertheless, it must be read in the context of the immediately preceding clause. Section 35.130(e)(1) provides, "[n]othing in this part shall be construed to require an individual with a disability to accept an accommodation, aid, service, opportunity, or benefit provided under the ADA or this part which such individual chooses not to accept." 28 C.F.R. §35.130(e)(1). Read in context, subsection two merely clarifies the language in subsection one. Subsection one explains that a disabled person need not accept accommodations even if the accommodations are required under the ADA. 28 C.F.R. §35.130(e)(1). Subsection two then expounds on subsection one, explaining that, when a representative or guardian has been appointed to the disabled person, the representative or guardian may not refuse certain basic life necessities despite the disabled person's aforementioned right to refuse accommodations. 28 C.F.R. §35.130(e)(2). Therefore, this provision only applies when a representative or guardian is acting on the disabled

8

person's behalf. Id.

Plaintiff responds by arguing that "the County of Lackawanna became his guardian within the meaning of [§35.130(e)(2)]" as a result of his incarceration there. (Doc. No. 6, at 4.) The problem with this argument is that plaintiff provides no factual allegations indicating that Lackawanna County has been appointed as his guardian or representative. Nor has plaintiff provided any legal authority that a county becomes the legal guardian of all prisoners under its care. The general rule remains that the denial of medical treatment cannot be the basis for an ADA claim. While a legal guardian cannot refuse medical treatment, plaintiff has not provided information that medical treatment was offered and his legal guardian, while acting in his name, refused it. Therefore, plaintiff has failed to state an ADA claim for which relief can be granted, and the complaint will be **DISMISSED WITHOUT PREJUDICE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 15, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-574-01.wpd