**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MIGUEL DAVILA,** | : |
| **Plaintiff** | : |
| | : **CIVIL ACTION NO. 3:13-0574** |
| v. | : |
| | : **(Mannion, D.J.)** |
| **COUNTY OF LACKAWANNA, et al.,** | : **(Schwab, M.J.)** |
| **Defendants** | : |

**M E M O R A N D U M**

Plaintiff Miguel Davila alleges that during his incarceration, he was denied medical treatment for an ear infection, causing his eardrum to rupture, tinnitus, vertigo, and hearing loss. He also alleges that he has been denied mental health treatment, and that he was kept in a filthy cell without the necessary tools to groom and feed himself and that the cell put him in immediate risk of contracting an illness. He alleges that he has a mental disability and that the prison did not properly accommodate his disability. Plaintiff brought this suit pro se under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act against Lackawanna County, Lackawanna County Prison, and Correctional Care, Inc.

Before the court is the report and recommendation, (Doc. 25), of Judge Schwab recommending that plaintiff's amended complaint be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff has filed objections to the report and recommendation. (Doc. 26). For the following

1

reasons, Judge Schwab's report and recommendation is **ADOPTED** and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

I.   **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C.

§636(b)(1); Local Rule 72.31.

**II.     DISCUSSION**

Plaintiff Miguel Davila filed a complaint, (Doc. 1), in February of 2013, alleging violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. §1983, as well as violations of the Americans with Disabilities Act ("ADA") for various medical and mental health treatment issues he has experienced while incarcerated, as well as for what he described as inhumane living conditions at the prison. Judge Schwab recommended that his complaint be dismissed and that he be granted leave to amend. (Doc. 5). The court adopted Judge Schwab's recommendation after considering plaintiff's objections to the report. (Doc. 9). Plaintiff then filed an amended complaint, (Doc. 22), in December 2013.

In Judge Schwab's first report, after screening the complaint pursuant to 28 U.S.C. §1915(e)(2), she recommended dismissing plaintiff's §1983 claims because plaintiff failed to allege, pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), that there was some custom or policy that would create municipal liability under §1983. She recommended dismissing plaintiff's complaints under the ADA because plaintiff summarily stated that he is disabled, without any accompanying factual allegations, and because the ADA does not provide relief for a denial of medical treatment even if the reason for the denial is discrimination because of a disability recognized by

the ADA. (Doc. 5, at 13). Judge Schwab's first report thus clearly indicated to plaintiff the deficiencies in his complaint that needed to be corrected in order for him to have viable claims.

Nevertheless, Judge Schwab found that plaintiff's amended complaint, while differently formatted and adding a few additional facts to his original complaint, does not address any of the material deficiencies noted in Judge Schwab's first report. Plaintiff objects to Judge Schwab's second report and recommendation for several reasons. First, plaintiff objects that if he is being denied leave to amend because he asked for several extensions to file an amended complaint for health reasons. Judge Schwab's report, however, does not deny leave to further amend on those grounds, and so that objection is unavailing.

Plaintiff next argues that the prison is liable because it is "common knowledge" that the medical needs of patients are routinely ignored. As Judge Schwab's instant report discusses thoroughly, however, a prison is not a person subject to suit under §1983. *See* Phippen v. Nish, 223 F.App'x 191, 192 (3d Cir. 2007). Moreover, plaintiff has failed to allege any specific facts from which it can be inferred that Lackawanna County had a policy or custom regarding the events he alleges here, or that a policy or custom caused a violation of his rights. Thus, he has not corrected the deficiencies in his §1983 claims.

Plaintiff also argues that he has shown that he is disabled under the

ADA because he has qualified for disability benefits from the Social Security Administration. But in the adoption of Judge Schwab's first report, the court responded to the exact same objection, stating that "'just because a person is disabled under the Social Security Act does not mean the person is also disabled under the ADA." Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 801, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999); Toscano v. Warren County Dept. of Human Services, 323 Fed.Appx. 120, 122 (2009). (Doc. 8). While plaintiff's amended complaint repeatedly states that he has mental disabilities, he does not indicate what condition he has or add additional facts to show that he is disabled. And, as Judge Schwab notes, even if plaintiff is disabled under the ADA, being denied medical treatment for a disability is not "encompassed by the ADA's prohibitions." Iseley v. Beard, 200 F.App'x 137, 142 (3d Cir. 2006).

Plaintiff also generally argues that because Judge Schwab was able to glean from his complaint what he complains of, he must have viable claims, and that he provided case law to back his claims up. Neither of these arguments is persuasive, as plaintiff, while including facts from which a reader can understand he believes he has been mistreated, fails to allege the particular kinds of facts necessary for his claims to be viable. Plaintiff's amended complaint thus fails to correct the deficiencies noted by Judge Schwab's first report and fails to state claims upon which relief may be granted. The court additionally agrees with Judge Schwab that because

plaintiff's amended complaint fails to correct any of the deficiencies in his original complaint, allowing plaintiff leave to further amend would be futile.

## III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Judge Schwab's report and recommendation, (Doc. 25), is **ADOPTED IN FULL**. Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 5, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0574-02.wpd